UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RONNY NORRED, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-37-DCR |
| ) | |
| V. ) | |
| ) | |
| D.L. STINE, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

Ronny Norred, who is currently confined in the United States Penitentiary Terre Haute ("USP- Terre Haute") located in Terre Haute, Indiana, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 2] He has also paid the $5.00 filing fee. The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The Petitioner alleges that his due process rights under the Fifth Amendment of the United States Constitution were violated when the Bureau of Prisons ("BOP") revoked 41 days of good time credit ("GTC") from his federal sentence. He alleges that there was no evidence to support the disciplinary conviction and the sanction imposed. Norred further complains that the Bureau of Prisons ("BOP") impaired his ability to fully and completely exhaust his administrative remedies under 28 C.F.R. §§542.10-16.

## RESPONDENT

The Petitioner has named D.L. Stine, Warden of United Sates Penitentiary McCreary ("USP-McCreary"), as the Respondent. USP-McCreary is located in Pine Knot, Kentucky.

## RELIEF REQUESTED

The Petitioner seeks the reinstatement of the 41 days of good time credit which he was ordered to forfeit as result of the disciplinary hearing. He also requests that the disciplinary conviction be expunged from his prison record.

## THE PETITIONER'S ALLEGATIONS

As previously noted, the Petitioner is currently confined in USP-Terre Haute. Prior to his transfer to USP-Terre Haute, the Petitioner had been an inmate in USP-McCreary. Petitioner explains that while confined at USP-McCreary, he was prosecuted for a disciplinary infraction. He was charged with and convicted of a violation of the Bureau of Prisons' ("BOP") disciplinary policy, Code 104, which prohibits the possession, manufacture, or introduction of a gun, firearm, weapon,

sharpened instrument, knife, dangerous chemical, explosive or any ammunition. [*See* 28 C.F.R. §541.13, "Prohibited Acts and Disciplinary Severity Scale"] [1]

In his §2241 petition, the Petitioner alleges: (1) that he was deprived of due process of law during the hearing; (2) that there was insufficient evidence upon which to base the conviction; and (3) that the disciplinary hearing officer failed to make adequate findings of fact. He challenges the revocation of his GTC. He alleges that the BOP prevented him from fully and completely exhausting his administrative remedies under 28 C.F.R. §§542.10-16.

## DISCUSSION

The Petitioner is confined in the USP-Terre Haute, which is located in Terre Haute, Indiana. The Petitioner's current custodian is the Warden of USP-Terre Haute. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 must be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977).

---

[1] The various levels of Bureau of Prisons ("BOP") offenses are listed in 28 C. F. R. §541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

Although the disciplinary proceeding transpired at USP-McCreary, which is in the Eastern District of Kentucky, the Petitioner is now confined in another jurisdiction.[2] It is in that jurisdiction, the Southern District of Indiana, where he must re-file his §2241 petition. This Court lacks jurisdiction to address his challenges under §2241. Accordingly, the instant petition will be dismissed without prejudice. The Petitioner may file a new §2241 petition in the United States District Court for the Southern District of Indiana, if he wishes to pursue his claims under §2241.

## CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** that the §2241 petition for habeas corpus [Record No. 2] is **DENIED**, and this action is **DISMISSED**, without prejudice, from the docket of the Court.

This 5th day of February, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[2] The federal court district for Terre Haute, Indiana is the United States District Court for the Southern District of Indiana.